**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PROGRESSIVE CASUALTY** ) | **CASE NO. 1:06CV1501** |
| **INSURANCE COMPANY,** ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **BUDGET RENT A CAR SYSTEM, INC.,**) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J.**:

The matters before the Court are the exercise of declaratory judgment jurisdiction and the Motion (ECF DKT #44) of Defendants to Require Plaintiff to Join Nancy Sevor. For the following reasons, this Court consents to retain jurisdiction and denies the motion for joinder.

In its Complaint, Progressive seeks a declaratory judgment, in accordance with Ohio contract law and the Rental Company Agreement between Progressive and Budget, determining whether Nancy Sevor, a non-employee, was a "Driver" under the Rental Company Agreement with respect to the Budget vehicle being driven by Sevor at the time of her motor vehicle accident with Gregory Bouwens in New York on June 8, 2004.

On July 25, 2007, this Court invited the parties to provide briefs on whether the case of *Travelers Indemnity Company v. Bowling Green Professional Associates, PLC*, No. 06-6038, 2007WL 2066861 (6th Cir. July 20, 2007) requires this Court to decline to exercise jurisdiction over the captioned declaratory judgment action. *Travelers* held it was an abuse of discretion for the district court to exercise jurisdiction over a declaratory judgment action brought by an insurer to determine the issue of coverage in an underlying state court action.

Upon consideration of the parties' timely and well-argued submissions, the Court agrees to retain jurisdiction. The captioned lawsuit is distinguishable from the situation confronting the *Travelers* court. It is neither an insurance case, nor one that requires interpretation of any coverage or exclusion provision of an insurance policy. The underlying personal injury action in New York has been settled and dismissed. The Rental Company Agreement at issue specifically provides for interpretation under Ohio law. A finding of liability here is not dependent upon facts determined in the New York state court action; nor does it rely upon, nor involve analysis of, New York statutory or common law claims or definitions. Therefore, the Court will retain jurisdiction and proceed with consideration of the parties' cross-motions for summary judgment.

Budget moves this Court to order joinder of Nancy Sevor as an indispensable party. After the traffic accident in New York, Bouwens sued Budget and Sevor; and both Budget and Sevor asked Progressive to provide insurance coverage. Subsequently, Progressive filed this suit requesting a judicial declaration that Progressive did not have a duty to insure Sevor's use of the Budget vehicle pursuant to the 2004 Rental Company Agreement. The Bouwens suit has recently been settled and dismissed

Sevor's interest in this litigation arises *if* Budget sues her for the amount Budget paid in the New York settlement which exceeded Sevor's personal insurer's contribution. As already stated, this case involves interpretation of a contract, a contract to which Sevor is a stranger. The Complaint seeks a determination of whether Progressive had a duty to insure the vehicle Sevor rented and whether Progressive has a duty to indemnify Budget. All issues can be resolved and complete relief can be afforded to the current parties without Sevor's

joinder.

Sevor's interest in this matter is financial and speculative at best.  She faces potential liability, *if and when* Budget files suit against her for the amount it contributed to the settlement over and above her insurer's contribution, further contingent upon a determination that Progressive owes Budget indemnification.

In addition, joinder of Nancy Sevor would create a jurisdictional quandary.  She is a Texas resident and the related motor vehicle accident occurred in New York.  This Court would have no subpoena power over her, and would undoubtedly lack jurisdiction over her person.

Despite this Court's refusal to order joinder, Budget is not prevented from filing a separate lawsuit with any claims it may have against Sevor.  Budget is not prejudiced by this denial.

Therefore, Defendant's Motion to Require Plaintiff to Join Nancy Sevor is overruled.

**IT IS SO ORDERED.**

**DATE: August 15, 2007**

                                            <u>**s/Christopher A. Boyko**</u>
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**